UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HELENE C. UHLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-405-TS |
| ) | |
| RODRIGO R. PANARES, M.D., ) | |
| the BOARD OF HEALTH of the CITY OF ) | |
| HAMMOND, and the CITY OF ) | |
| HAMMOND, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The Plaintiff, Helene C. Uhlman, has sued the Defendants for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* This matter is before the Court on Defendant Rodrigo R. Panares, M.D.'s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## BACKGROUND

On October 11, 2007, the Plaintiff sued Defendants Panares, "the Health Officer of the Hammond Health Department," the Health Department Board of the City of Hammond, and the City of Hammond. (Pl. Comp., ¶ 2.) The Plaintiff alleges that the Health Department and the City were engaged in the delivery of public health department services affecting commerce and had twenty or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding year. (Pl. Compl., ¶ 3.) The Plaintiff alleges that Panares' termination of her employment with the Defendant Health Board was intentional age discrimination against the Plaintiff, who was over 80 years old at the time of her termination.

She contends that the Defendants violated the provisions of 29 U.S.C. § 623(a)(1), which prohibits discrimination in the terms and conditions of employment on the basis of age. She seeks damages, an "injunctive order of reinstatement," and an order "compelling the Defendants to cease and desist in the fabrication of excuses and pretext for the alleged grounds of termination." (Pl. Compl., ¶¶ 23, 24.)

On November 19, after removing the matter to federal court, the Defendants answered the complaint. The Defendants admit that Panares is the Health Officer of the Hammond Health Department.

On November 27, Panares requested judgment on the pleadings on grounds that he could not be held liable under the ADEA because he is not an "employer" as defined in the statute. On December 13, the Plaintiff responded and on December 19 Panares replied.

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Because the Defendant's motion challenges the sufficiency of the complaint, the standard governing his motion is the same as that governing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gutierrez v. Peters*, 111 F.3d 1364, 1368 (7th Cir. 1997).

The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). The Defendant will prevail on the motion if he demonstrates that "the plaintiff's

2

claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). A count may be dismissed if it includes particulars that show the plaintiff cannot possibly be entitled to the relief sought. *Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir. 1994).

## DISCUSSION

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA's definition of an employer is found in § 630: The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees . . . . The term also means (1) any agent of such a person." 29 U.S.C. § 630(b). The Plaintiff argues that Panares comes within this definition because he is an agent who has a substantial identity with the Health Department. The Plaintiff relies on a twenty-eight-year-old district court case to support her claim that this definition applies to Panares as an executive officer of the Health Department. *See Goodman v. Bd. of Trs. of Cmty. College*, 498 F. Supp. 1329 (D.C. Ill. 1980). However, Seventh Circuit authority since *Goodman* points to a different conclusion.

The Seventh Circuit has reasoned that the inclusion of an employer's agents in the definition of an "employer" in other statutes, which use virtually the same definition, is simply a statutory expression of traditional *respondeat superior* liability. *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995) (Americans with Disabilities Act)[1];

---

[1] The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5)(A).

3

*Williams v. Banning*, 72 F.3d 552, 553–54 (7th Cir. 1995) (Title VII)[2]. As such, the mention of agents in the definition does not act to impose liability on individuals who do not otherwise meet the definition of an employer. *AIC Security*, 55 F.3d at 1282.

The Plaintiff has not set forth any case law to suggest that the ADEA's definition of employer is meaningfully distinguishable from the definitions used in the ADA and in Title VII. In fact, "[c]ourts routinely apply arguments regarding individual liability to all three statutes interchangeably." *AIC Security*, 55 F.3d at 1279–80. And for purposes of determining whether individual liability attaches, the ADEA is interchangeable with Title VII. *Id.* at 1280 n.1. Additionally, the Seventh Circuit has given every indication that individual supervisors who are not otherwise employers cannot be sued under the ADEA. *See, e.g., Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n.2 (7th Cir. 1995); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995). In *Matthews,* the matter was not before it on appeal, but the court noted "for the sake of completeness," that the district court's decision to deny an individual defendant's motion to dismiss the claim against him for violations of the ADEA "was reached without the benefit of" the *AIC Security* decision. *Id.* The court cited its ruling that individuals do not independently meet the ADA's definition of an employer, and noted that "the same principle applies here." *Id.* Likewise, while the matter was not before it on appeal in *Thelen*, the court remarked that "[b]ecause the relevant language in the ADA and ADEA are identical, it is likely that Stephen Marcus, as an individual, could not be liable under the ADEA." 64 F.3d at 267 n.2.

Following the Seventh Circuit's lead, this Court determines that the Plaintiff cannot pursue ADEA claims against Panares in his individual capacity. As these are the only claims that

---

[2] An employer is defined in Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C.§ 2000e(b).

the Plaintiff identifies in the Complaint against Panares, he is dismissed from this suit.

## CONCLUSION

For the foregoing reasons, Defendant Panares' Motion for Judgment on the Pleadings [DE 7] is GRANTED and Panares is dismissed from this cause.

SO ORDERED on May 2, 2008.

                        s/ Theresa L. Springmann
                        THERESA L. SPRINGMANN
                        UNITED STATES DISTRICT COURT
                        FORT WAYNE DIVISION