UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| HELENE C. UHLMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:07-CV-405-TS |
| RODRIGO R. PANARES, M.D., the HEALTH DEPARTMENT BOARD of the CITY OF HAMMOND, and the CITY OF HAMMOND, INDIANA, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Helene C. Uhlman, sued the Defendants for violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* This matter is before the Court on Defendant Board of Health of the City of Hammond's Motion for Summary Judgment [DE 19], filed on August 6, 2008. The Defendant argues that it is entitled to summary judgment because, at all relevant times, it did not have the requisite number of employees to qualify as an "employer" under the ADEA. The Defendant additionally asserts that the Plaintiff did not exhaust administrative remedies because the Equal Employment Opportunity Commission (EEOC) Charge of Discrimination listed only the City of Hammond as the discriminating party.

**BACKGROUND**

On October 11, 2007, the Plaintiff sued Defendants Rodrigo R. Panares, M.D., as "the Health Officer of the Hammond Health Department," the Health Department Board of the City of Hammond, and the City of Hammond. (Pl.'s Compl. 2.) The Plaintiff alleges that the Health Department and the City were engaged in the delivery of public health department services

affecting commerce and had twenty or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding year. (Pl.'s Compl. 3.) The Plaintiff, who is over eighty years old, alleges that Panares's termination of her employment with the Defendant Health Board was intentional age discrimination. She contends that the Defendants violated the provisions of 29 U.S.C. § 623(a)(1), which prohibits discrimination in the terms and conditions of employment on the basis of age.

On November 19, after removing the matter to federal court, the Defendants answered the Complaint. The Health Department denied in its Answer the allegation that it had twenty or more employees for the requisite time period. (Def.s' Answer 3) (answering that the "defendants deny that the Health Department had '20 or more employees for each working day in each of the 20 or more calendar weeks in the then current of preceding calendar year' as alleged by the plaintiff").

On August 6, the Health Department moved for summary judgment on grounds that it was not an employer for purposes of the ADEA.[1] The Health Department also argues that the Plaintiff has not exhausted administrative remedies because her EEOC Charge of Discrimination and corresponding Notice of Rights pertain only to the City of Hammond, not to the Health Department.

On September 5, the Plaintiff responded, stating that she had "no ability to contest the Affidavits the Board of Health has submitted to support its claim that it does not qualify as an employer subject to suit under the numerical count identified by the Board." (Pl.'s Resp. 1,

---

[1] Defendant Panares, M.D., was dismissed from the action on May 2, 2008, by an Opinion and Order [DE 12] granting his Motion for Judgment on the Pleadings because he did not meet the ADEA's definition of an employer.

DE 21.) As to the Defendant's exhaustion argument, the Plaintiff notes that the factual allegations appearing in the EEOC Charge of Discrimination specifically identify the Board of Health and the City, and that it was the EEOC's case intake clerk's decision to only list the City of Hammond as the discriminating party. The Plaintiff further requests that if the Health Department is dismissed as a defendant, "that the case continues against the City of Hammond, Indiana." (Pl.'s Resp. 2.)

**STANDARD OF REVIEW**

Summary judgment is warranted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). The means by which this is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When a properly made motion for summary judgment is filed, an opposing party may not "rely merely on allegations or denials in its own pleadings," but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in

favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). Where the motion for summary judgment is not opposed and the movant's facts are not controverted, the court "will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." N.D. Ind. L.R. 56.1(b). However, even if a motion for summary judgment is unopposed, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993).

## DISCUSSION

**A.     Definition of Employer**

Congress limited the application of the ADEA to an employer, making it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA's definition of an employer is found in § 630(b): The term "employer" means "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). "The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency." 29 U.S.C. § 630(b). The twenty-employee minimum that is applicable to private employers also applies to these government employers. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1254 (7th Cir. 1988); *Kelly v. Wauconda Park Dist.*, 801 F.2d 269 (7th Cir.

1986).

The Plaintiff's Complaint identified March 2006 as the date of the Defendant's unlawful conduct. The Defendant filed the Affidavit of Dr. Paneres indicating that he terminated the Plaintiff in October 2005 and communicated this to her in March 2006. Thus, the years relevant to the "employer" inquiry are 2005 and 2006, "the current year[s]," and 2004, "the preceding year." 29 U.S.C. § 630(b).

The Defendant provides the Affidavits of Rita Lander, the Supervisor of the Vital Records section of the Health Department, and Suzanne Pyrzynski, the Secretarial Supervisor/Office Manager of the Health Department, in support of its statement that the Health Department did not have more than nineteen full or part-time employees on its payroll from the year 2004 through the end of 2006. The Affidavits authenticate the attached Personnel Records of the City of Hammond Health Department. Although the Plaintiff did not expressly concede the Defendant's point regarding the number of employees, neither did she deny this statement of material fact, and, in fact, stated that she could not contest it. Thus, it is "admitted to exist without controversy." N.D. Ind. L.R. 56.1(b).

If the Health Department is the only relevant entity to consider, then the failure to meet the twenty-employee minimum ends the inquiry and the Defendant's Motion for Summary Judgment must be granted. But the Seventh Circuit has stated that "an 'agency of instrumentality' of a state or political subdivision need not meet the twenty-employee minimum if the larger entity to which it was associated meets that requirement." *Schaefer*, 859 F.2d at 1254 (stating that it is reasonable to conclude that governmental agencies, just like an agent of a private employers, may be considered an employer even if it does not meet the threshold number of employees as long as the "larger governmental entity of which it is an agency does"). To

5

determine whether the Health Department was, in fact, an "agency or instrumentality" of the City of Hammond requires an analysis of the degree of control the City exercised over the Health Department. *See id.* at 1255.

The Defendant, in its Motion for Summary Judgment, has not presented any argument, authority, evidence, or analysis from which the Court can conclude that the number of employees in the Health Department are the only employees that count toward the twenty-employee minimum. Thus, despite the lack of any genuine issue regarding the number of employees in the Health Department, the Defendant has not established that it is entitled to judgment as a matter of law.

**B.      Exhaustion of Remedies**

Exhaustion of administrative remedies through the filing of an EEOC charge "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion" and "giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (1994); *see also Miller v. Am. Airlines, Inc.* 525 F.3d 520, 525 (7th Cir. 2008) (ADEA case). Ordinarily, a party not named in an EEOC charge may not be sued. *See Eggleston v. Chi. Journeymen Plumber's Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981). However, the courts recognize an exception where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings." *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008) (quoting *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)).

The Defendant does not assert that it did not have actual notice of the Plaintiff's claims, or an opportunity to engage in voluntary conciliation. The address provided in the Charge for the offending party, the City of Hammond, is "649 Conkey St., Health Dept., Hammond, IN 46320." (Charge of Discrimination, DE 19-5.) The Charge of Discrimination specifically references the Plaintiff's termination from the position of Administrator of the City of Hammond Health Department by Dr. Panares, "City of Hammond Health Officer," and alleges that this termination violated the ADEA. (Charge of Discrimination, DE 19-5). Because the language of the Charge is not confined to the City, but specifically points to the actions of the Health Officer, any notice by the Board of Health of the Charge would most likely qualify as notice that the Plaintiff intended to bring charges against it. *See Schnellbaecher*, 887 F.2d at 127 (distinguishing between a defendant's notice of charges against another party and notice of any charge against *it*).

It is not clear from the current record that the Plaintiff's Complaint against the Board of Health should be dismissed, as a matter of law, for failure to exhaust administrative remedies.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment [DE 19] is DENIED. The June 1, 2009, ruling conference is VACATED.

SO ORDERED on March 24, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION